IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE CINCINNATI
INSURANCE COMPANY,                    *

    Plaintiff,                              *

                                                                                      Civil Action No. RDB-19-3355

    v.                                        *

JOSEPH FISH,                              *

    Defendant.                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**<u>MEMORANDUM ORDER</u>**

Plaintiff The Cincinnati Insurance Company ("Plaintiff" or "Cincinnati Insurance") brings this declaratory judgment action pursuant to 28 U.S.C. §§ 1333 and 2201, to determine its liability under a policy it issued to Defendant Joseph Fish ("Defendant" or "Fish"). Cincinnati Insurance, an Ohio-based insurance company, filed this case on November 21, 2019. (Compl., ECF No. 1.) Four days later, Defendant Fish filed suit against Cincinnati Insurance and another defendant, HMS Insurance Associates, Inc. ("HMS"), in Baltimore City Circuit Court, alleging seven insurance-related claims against Cincinnati Insurance and one count of negligence against HMS. *See Joseph Fish v. The Cincinnati Insurance Co. et al.*, Civil Action No. RDB-20-0018. That original state action was then removed to this Court on January 3, 2020. *Id.* On April 2, 2020, this Court denied Fish's Motion for Remand in that case because Defendant HMS had been fraudulently joined. *Id.*, Memorandum Order, ECF No. 18 (D. Md. Apr. 2, 2020). In addition, the Court dismissed defendant HMS from that action for Fish's failure to state the sole negligence claim asserted against HMS. *Id.*

Presently pending in this case is the Defendant's Motion to Dismiss or in the Alternative Motion to Stay. (ECF No. 10.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion to Dismiss or in the Alternative Motion to Stay (ECF No. 10) shall be DENIED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Cincinnati Insurance issued a watercraft insurance policy ("Policy") to Fish for a 2000 48-foot Ocean Yacht SS ("vessel"), effective from July 15, 2017 through July 15, 2018. (Compl. ¶ 6, ECF No 1.) The Policy had a $215,000 limit with a $4,300 deductible. (*Id.*) On or about July 24, 2017, Cincinnati Insurance was informed by Fish's insurance broker that a storm had caused impact damage to the hull of the vessel and water damage to the interior of the vessel. (*Id.* ¶ 9.) Cincinnati Insurance alleges that its assigned claim representative, Dan Lambrecht, spoke with Fish over the phone about the damage on or about July 25, 2017. (*Id.* ¶ 10.) Lambrecht allegedly memorialized this telephone call in an email to Fish, dated July 26,

2017, requesting that Fish have the vessel inspected and an estimate prepared by a shipyard of Fish's choice. (*Id.* ¶ 11.)

On or about October 11, 2017, Cincinnati Insurance alleges that Lambrecht and Fish spoke over the phone again, when Fish stated that he had not taken the vessel for an inspection and estimate yet, but had continued to use the vessel for the remainder of the summer. (*Id.* ¶ 13.) On or about February 13, 2018, Fish called Lambrecht to report that the vessel had been sitting in a Virginia shipyard awaiting a repair estimate. (*Id.* ¶ 16.) Over the next several months, Lambrecht allegedly attempted to contact Fish regarding an inspection and estimate, but was unsuccessful. (*Id.* ¶¶ 17-18.) On or about October 18, 2018, Fish forwarded an estimate from Jarrett Bay Boatworks, with an estimate that exceeded the $215,000 Policy limit. (*Id.* ¶¶ 22-23.)

On or about November 1, 2018, Cincinnati Insurance retained a marine surveyor and professional engineer to conduct another inspection of the vessel. (*Id.* ¶¶ 25-26.) As a result of this inspection, Cincinnati Insurance alleges it agreed to pay $18,625.00 to Fish under the Policy, denying coverage for the rest of the damage as it was caused by wear and tear. (*Id.* ¶¶ 26-30.) On or about April 16, 2019, a joint inspection of the vessel was conducted in Hampton, Virginia, after which Fish allegedly claimed additional electrical damage to the vessel. (*Id.* ¶ 34.) An electrical inspection was performed on or about May 22, 2019. (*Id.* ¶ 42.)

On November 21, 2019, Cincinnati Insurance informed Fish of its final coverage decision, accepting coverage under the Policy for the wind and hail damage, but denying coverage for electrical, wind and mold damage, while reserving its right to seek Court

3

resolution of the disputed issues. (*Id.* ¶ 49.) The same day, Cincinnati Insurance filed the instant declaratory judgment action in this Court to determine its liability under the Policy. (Compl., ECF No. 1.) Four days later, on November 25, 2019, Fish filed the original state action in Baltimore City Circuit Court, wherein he named HMS Insurance Associates, Inc. as an additional defendant. *Joseph Fish v. The Cincinnati Insurance Co. et al.*, Civil Action No. RDB-20-0018. The state action was removed to this Court on January 3, 2020. *Id.* On January 21, 2020, Fish filed the presently pending Motion to Dismiss or in the Alternative Motion to Stay, asserting that this Court lacked jurisdiction over the declaratory judgment action. (ECF No. 10.)

On April 2, 2020, this Court denied Fish's Motion for Remand in Case Number RDB-20-0018 because Defendant HMS had been fraudulently joined, and dismissed Defendant HMS from that action. *Joseph Fish v. The Cincinnati Insurance Co. et al.*, Civil Action No. RDB-20-0018, Memorandum Order, ECF No. 18 (D. Md. Apr. 2, 2020).

## STANDARD OF REVIEW

### I. Motion to Dismiss

Under 28 U.S.C. §1333, United States District Courts have original and exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1); *see also* U.S. Const. art. III, § 2, cl. 1 ("The judicial power shall extend to…all Cases of admiralty and maritime Jurisdiction."). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This jurisdictional attack may proceed either as a facial challenge, asserting that the

4

allegations in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

In a facial challenge, as asserted in this case, a court will grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. In making this determination, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

## II. Declaratory Judgment

Under the Declaratory Judgment Act, federal courts have discretion to hear an action requesting declaratory judgment. 28 U.S.C. § 2201(a). The United States Court of Appeals for the Fourth Circuit has "held that district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942) (discussing a district court's exercise of discretion when there is a state suit involving the same parties and state law issues). Declaratory judgment should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Aetna Cas. & Sur. Co.*, 139 F.3d at 422 (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

To determine whether to exercise jurisdiction over a declaratory judgment action, the Fourth Circuit has articulated the following four factors for consideration:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law'; and (iv) whether the declaratory judgment action is being used merely as a device for 'procedural fencing' ….

*Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 824 (4th Cir. 2000) (quoting *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (internal brackets omitted)).

## ANALYSIS

As a preliminary matter, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 because it is a civil case of admiralty or maritime jurisdiction, involving a maritime insurance policy of a vessel, the "Personal Watercraft Policy." (Compl. ¶ 4, ECF No. 1.) The parties do not dispute the maritime nature of the Policy.

However, Plaintiff suggests that this Court does not have admiralty jurisdiction under Section 1333 because the "savings to suitors clause allows this case to be wholly heard before a Maryland state courts [sic]." (Pl.'s Motion at 4, ECF No. 10-1.) This argument is unavailing because the "saving to suitors" clause "preserves a maritime suitor's election to pursue common-law remedies in state court," and "a claim brought pursuant to the saving to suitors clause in state court should not be removable on the ground of general federal question jurisdiction." *See Servis v. Hiller Systems, Inc.*, 54 F.3d 203, 206-07 (4th Cir. 1995). The "saving to suitors" clause is inapplicable here, where Cincinnati Insurance originally brought the suit in federal court based on federal question jurisdiction under 28 U.S.C. § 1333. (*See* Compl.,

6

ECF No. 1.) Accordingly, the sole issue presented by Defendant Fish in his Motion to Dismiss is whether this Court should exercise its discretion to assert jurisdiction over this declaratory judgment action or whether this Court should defer to the state court to settle the dispute.

All of the considerations articulated by the Fourth Circuit in *Myles* lead this Court to find that exercising jurisdiction over this declaratory judgment action is appropriate. First, while neither party disputes that Maryland state law applies to this dispute, the crux of the dispute involves issues of insurance contract interpretation. *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996) ("although only state law is at issue, the relevant state law is not problematic or difficult to apply"). Fish's argument that this case involves significant state interests because Fish had to exhaust his administrative remedies with the Maryland Insurance Administration does not affect this Court's evaluation of the declaratory judgment action. *See Myles*, 233 F.3d at 824 (courts must consider the "strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts"). The declaratory judgment action raises only issues of contract interpretation, which this Court is well equipped to address.

Second, it is not more efficient for the state court to decide this matter, as the original state court action is now before this Court in *Joseph Fish v. The Cincinnati Insurance Co. et al.*, Civil Action No. RDB-20-0018. Indeed, it is more efficient for this Court to decide the matter, now that it has jurisdiction over Fish's claims against Cincinnati. Similarly, there is no chance of entanglement with any state court proceedings because the original state action is now pending before this Court. Indeed, this Court has determined that there was fraudulent joinder in the original state action. Thus, there is no chance of entanglement with the state court

7

proceeding, which has been properly removed to this Court based on diversity jurisdiction. *See* 28 U.S.C. § 1332. Consequently, there is no concern of overlap between a federal suit and a state suit.

Fourth and finally, there is no evidence of procedural fencing in this case on the part of Cincinnati Insurance. Fish asserts that Cincinnati Insurance filed this suit before Fish, with full knowledge that Fish would soon file his action in state court. This action was filed four days before Fish filed his state action, which was ultimately eligible for removal to this Court on diversity of citizenship grounds. In any event, both parties pursued their legal rights in due course, and this Court does not find that such conduct amounts to procedural fencing. *See Centennial*, 88 F.3d at 258 ("although the federal action was filed first, we decline to place undue significance on the race to the courthouse door"). Accordingly, this Court will exercise its discretion to assert jurisdiction over this declaratory judgment action, and Defendant's Motion to Dismiss will be DENIED.

Plaintiff's request that this action be stayed pending resolution of the "state court proceedings" is a moot request now that the former state court proceedings are properly before this Court in *Joseph Fish v. The Cincinnati Insurance Co. et al.*, Civil Action No. RDB-20-0018. Furthermore, the two proceedings will be consolidated by separate Order.

## CONCLUSION

For the foregoing reasons, it is this 3rd day of April, 2020, HEREBY ORDERED that:

1. Defendant's Motion to Dismiss or in the Alternative Motion to Stay (ECF No. 10) is DENIED.

\_\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge