**NILES·BARTON&WILMER** LLP

Trusted Legal Advisors Since 1838.

**Bryant S. Green ♦ Associate**
**Direct Dial:** (410) 783 - 6421
**Fax:** (410) 783 - 6478
**Email:** bsgreen@nilesbarton.com
Admitted to Practice in Maryland
And the District of Columbia

March 30, 2021

**FILED VIA CM/ECF**
The Honorable Beth P. Gesner
Chief United States Magistrate Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    ***Cincinnati's Position Concerning Outstanding Discovery Disputes***
            *The Cincinnati Insurance Company v. Joseph Fish*
            Case No.:         1:19-cv-03355-RDB
            Our File No.:     CIN/65380

Dear Judge Gesner:

    Pursuant to ECF 40, please accept this as the Cincinnati Insurance Company's ("Cincinnati's") position concerning two discovery disputes regarding: 1) a deposition notice served on Cincinnati's counsel; and 2) the scope of a 30(b)(6) deposition notice served on Cincinnati. *See Exhibits 1*, and *2*, respectively.

    **I.**    **The Deposition Notice Served on Robert Reverski, Esq. is Improper.**

    Robert Reverski, Esq. ("Reverski") advised Cincinnati with respect to Joseph Fish's ("Fish's") claim. To depose a party's attorney, Fish must demonstrate: 1) the deposition is the only practical means of obtaining the information; 2) the information will not invade the attorney-client privilege or the attorney's work product; and 3) the information is relevant and its need outweighs the disadvantages of deposing a party's attorney. *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85-86 (M.D.N.C. 1987); *see also 476 K St., L.L.C. v. Seneca Specialty Ins. Co.*, No. TDC 14-2739, 2015 U.S. Dist. LEXIS 69447 (D. Md. May 28, 2015). In an insurance claim, a party cannot force an insurer to waive privilege by merely asserting a bad faith claim. *See, e.g.,* R*hone-Poulenc Rorer v. Home Indem. Co.,* 32 F.3d 851, 864 (3d Cir. 1994).

    Here *Exhibit 1* is improper because: 1) Reverski's testimony is not relevant as to whether Cincinnati engaged in the conduct alleged in counts 3-8 of *Related Case No.* 1:20-cv-00018-RDB, ECF 3 (the "Complaint"); 2) Fish has made no attempt to satisfy the test prescribed in *N.F.A. Corp*; 3) any testimony by Reverski is protected by the attorney-client and work product privileges; and 4) Cincinnati has not put Reverski's testimony at issue by asserting the advice of counsel defense.

The Honorable Beth P. Gesner
United States District Court for the District of Maryland
Case No.: 1:19-cv-03355-RDB
March 30, 2021
Page 2 of 2

## II.  Several of Fish's 30(b)(6) Topics are Not Discoverable and Improper.

Regarding the 30(b)(6) notice, Fish seeks to inquire into: 1) Cincinnati's communications with Reverski; 2) the drafting history of the policy; 3) prior claims of other Cincinnati policyholders; 4) Cincinnati's claims handling guidelines, policies, procedures, and training materials. *Exhibit 2*. Discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The 2000 modifications to Rule 26 "is a clarion call for the courts to use their administrative authority to control discovery to eliminate those instances in which the parties stray far afield from the factual issues that are at the heart of their case and are verging on discovery abuse, rather than seeking a fair and just resolution of the case." 6 Moore's Federal Practice - Civil § 26.42 (2019). Regarding the allegations in Related Case No. 1:20-cv-00018-RDB, ECF 3, extrinsic information beyond the text of the policy and the adjustment of this loss is immaterial. *Jowite Ltd. P'ship v. Fed. Ins. Co.*, No.: SAG-18-2413, 2019 U.S. Dist. LEXIS 59726, at *17 (D. Md. Apr. 5, 2019) ("requests for production of documents relating to the drafting of the policy will be denied.").

Fish's allegations concern a disagreement with respect to the scope of coverage, and Cincinnati's adjustment of this loss. *See* Complaint (alleging: 1) breach of contract; 2) Cincinnati's lack of good faith; 3) four (4) violations of Md. Code § 27-303 of the Insurance Article ("INS"); and 5) seeking a declaratory judgment). There is no allegation that the policy is ambiguous. As such, extrinsic information beyond this policy and the adjustment of this loss is immaterial. *See, e.g.,* N*ationwide Mut. Ins. Co. v. LaFarge Corp.,* CIVIL NO. H-90-2390, 1994 U.S. Dist. LEXIS 3851, at *20–22 (D. Md. Jan. 3, 1994) ("[M]otion to compel will therefore be denied insofar as that motion seeks documents and testimony concerning other claims of bad faith made against Travelers.").

## III.  Conclusion.

Cincinnati's position and authorities supporting the same are more fully articulated in ECF 34-2, which it incorporates by reference. For the reasons stated herein and in ECF 34-2, Cincinnati requests a protective order striking *Exhibit 1*, and precluding inquiry into topics 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 25, 26, 27, 28, 29, 30, 31, and 32 of *Exhibit 2*.

Sincerely Yours,

Bryant S. Green

cc:   All Counsel of Record (via CM/ECF)

4839-2388-3235, v. 1