# EXHIBIT 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| THE CINCINNATI INSURANCE CO. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. RDB-19-03355 |
| JOSEPH FISH | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: The Cincinnati Insurance Co. SERVE ON: Mr. Robert S. Reverski, Esq., Midkiff, Munci & Ross, P.C. 300 Arboretum Place, Suite 420, Richmond VA 23236

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Office of Lochner Law Firm, P.C. or via ZOOM | Date and Time: 03/22/2021 1:00 pm |
|---|---|

The deposition will be recorded by this method: Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attached Notice of Deposition

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/22/2021

*CLERK OF COURT*

OR

_____   /S/ Eugene E. Samarin
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joseph Fish _____, who issues or requests this subpoena, are:

Eugene E. Samarin, Lochner Law Firm, P.C., 91 Main St., 4th Floor, Annapolis, MD 21401 | esamarin@boatinglaw.com | (443)716-4400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. RDB-19-03355

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE CO., | * | |
| | * | |
| *Plaintiff/Counter-Defendant,* | * | |
| | * | |
| v. | * | |
| | * | |
| JOSEPH FISH, | * | |
| | * | CASE NO.: RDB-19-03355 |
| *Defendant/Counter-Plaintiff.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE TO TAKE DEPOSITION OF THE CINCINNATI INSURANCE CO.

NOW COMES Defendant/Counter Plaintiff Joseph Fish, by and through her attorneys, Todd D. Lochner, Eugene E. Samarin, and Lochner Law Firm, P.C., and pursuant to the Federal Rules of Civil Procedure, will take the deposition upon oral examination of the below named corporation on the date and time and at the location indicated below before a person duly authorized to administer an oath under Maryland law. The deposition will be recorded via stenographic, audio, and/or videotaped means for the purpose of discovery and/or used as evidence and/or any other purposes permitted by the Federal Rules of Civil Procedure, including use at trial, and will continue day to day until completed. The Cincinnati Insurance shall in accordance with Fed R. Civ. Proc. 30(b)(6) designate and produce persons with sufficient knowledge to answer questions on the topics enumerated in Exhibit 1 attached hereto and shall produce all documents, electronically stored data and items listed in Exhibit 1 attached hereto.

**DEPONENT:** The Cincinnati Insurance Co.

**DATE:** March 22, 2021

**TIME:** 1:00 P.M.

**LOCATION:** Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401

The deposition may be used for any purpose permitted by the Fed. R. Civ. P.

**IF ANY OF THE REQUESTED MATERIALS ARE ON A DATA DISC, THE DEPONENT IS REQUESTED TO BRING COPIES OF THE DATA DISC WITH HIM/HER TO THE DEPOSITION.**

PLEASE NOTE THAT DUE TO THE RECENT COVID 19 CRISIS, THIS DEPOSITION MAY BE CONDUCTED VIA A "ZOOM GO TO MEETING" VIDEOCONFERENCE CALL **ON THE CONDITION** THAT ANY AND ALL ITEMS AND DOCUMENTS THAT ARE REQUESTED IN SCHEDULE A ARE DELIVERED TO THE LOCHNER LAW FIRM, P.C.'s OFFICE AT LEAST THREE BUSINESS DAYS IN ADVANCE OF THE DEPOSITION.

ALL PARTIES WHO WISH TO PARTICIPATE IN THE DEPOSITION VIA VIDEOCONFERENCE USING "ZOOM GO TO MEETING" MUST SEND AN EMAIL TO ESAMARIN@BOATINGLAW.COM ONE WEEK IN ADVANCE OF THE DEPOSITION. ONCE THE EMAIL HAS BEEN RECEIVED A REPLY EMAIL WILL BE SENT TO THAT PARTY WITH AN INTERNET LINK TO JOIN THE VIDEOCONFERENCE DEPOSITION ON THE DATE AND TIME STATED IN THIS NOTICE. TO PARTICIPATE VIA "ZOOM GO TO MEETING" YOU MUST HAVE A DEVICE WITH THE APPLICABLE ZOOM SOFTWARE AND A CAMERA AND A MICROPHONE.

Respectfully submitted this 25th day of February, 2021.

/S/
Eugene E. Samarin, Esq. (Bar Id. 19612)
Todd D. Lochner, Esq. (Bar Id. 25691)
Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
esamarin@boatinglaw.com

*Counsel for Mr. Fish*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 25th day of February, 2021, a copy of this Notice of Deposition was electronically served upon counsel for Plaintiff/Counter-Defendant, via e-mail and first class mail-postage pre-paid, upon:

Mr. Robert S. Reverski
Midkiff, Munci & Ross, P.C.
300 Arboretum Place
Suite 420
Richmond VA 23236
rreverski@midkifflaw.com

*Counsel for Cincinnati Insurance Company*

/S/
Eugene E. Samarin

## **EXHIBIT 1**

The corporate representative shall have sufficient knowledge to address the topics listed below and answer the enumerated questions in this Exhibit.

Unless otherwise indicated, the topic areas, questions, and request for documents in this Exhibit pertain to claim number 2942732, involving reported damage to the Vessel. Please note that for the purpose of this notice all alleged latent defect damage is considered part of claim number 2942732 whether you decided to open a separate claim number or not.

The term "Insurance Policy" in this Exhibit refers to the Cincinnati Insurance Co. boating insurance policy that provided insurance coverage for the Vessel. This is an All Risk Policy, with a latent defect (Inchmaree) clause.

The corporate representative shall testify about:

1. The entire claim file and any and all documents, communications, reports, and statements, from any person pertaining to the July 23, 2017 casualty, including the claims made under the Inchmaree Clause of the policy.

2. Any and all communications to include all correspondence, facsimiles, emails by and between you and the law office of Midkiff, Munci & Ross, P.C. and its lawyers, employees, and staff, regarding the investigation of the claim and your decisions regarding the claim. Produce all such communication.

3. Any and all communications to include all correspondence, facsimiles, emails by and between you and Christopher D Barry and Davis Marine Consulting Associates, LLC. Produce all such communication.

4. Any and all communications to include all correspondence, facsimiles, emails by and between you and Douglass McDaniel and Davis & Company Limited. Produce all such communication.

5. Any and all communications to include all correspondence, facsimiles, emails by and between you and Michael G. Pinion and FORCON International. Produce all such communication.

6. Any and all communications to include all correspondence, facsimiles, emails by and between you and Derek T. Rhymes and Allboat & Yacht Inspections. Produce all such communication.

7. Any and all insurance policies issued to Joseph Fish for the last seven years to include any and all Homeowners Policies, Watercraft and Personal Excess Liability Policies, declaration pages, any and all riders, and addendums. Produce all such insurance policies.

8. Any and all communications, letters, reservation of rights letter, denial of insurance coverage letters, emails, relative to the casualty involving the Vessel owned by Joseph Fish. If you claim that any denial of insurance coverage / reservation of rights is being made based upon any conduct by Joseph Fish, then explain in detail the conduct, and why you claim that the conduct excludes Joseph Fish coverage under the policy. Produce all such documents that support the position taken.

9. Be able to explain in detail the date and time that you reached /developed a definition of "Inchmaree Clause" as it appears in the boating insurance policy issued to Joseph Fish, and indicate any and all internal memorandums and communications wherein the definition of "Inchmaree Clause" was mentioned and or discussed.

10. Be able to state the exact definition of "Inchmaree Clause" that you relied upon when you made the decision to deny insurance coverage for the claim made by Joseph Fish.

11. Be able to explain who at Cincinnati Insurance Co. defined the term "Inchmaree Clause" as it appears in Joseph Fish's boating policy and provide any and all internal memorandum, emails, and correspondence that mentions or discusses this term.

12. Be able to explain in detail the date and time that you reached /developed a definition of "wear and tear" as it appears in the boating insurance policy issued to Joseph Fish, and indicate any and all internal memorandums and communications wherein the definition of "wear and tear" was mentioned and or discussed.

13. Be able to state the exact definition of "wear and tear" that you relied upon when you made the decision to deny insurance coverage for the claim made by Joseph Fish.

14. Be able to explain who at Cincinnati Insurance Co. defined the term "wear and tear" as it appears in Joseph Fish's boating policy and provide any and all internal memorandum, emails, and correspondence that mentions or discusses this term.

15. Be able to explain in detail the date and time that you reached /developed a definition of "cooperation" as it appears in the boating insurance policy issued to Joseph Fish, and indicate any and all internal memorandums and communications wherein the definition of "cooperation" was mentioned and or discussed.

16. Be able to state the exact definition of "cooperation" that you relied upon when you made the decision to deny insurance coverage for the claim made by Joseph Fish.

17. Be able to explain who at Cincinnati Insurance Co. defined the term "cooperation" as it appears in Joseph Fish's boating policy and provide any and all internal memorandum, emails, and correspondence that mentions or discusses this term.

18. Any claims made by Cincinnati Insurance Co. insureds, by persons who suffered property losses under boating policies for the last seven years. For each such claim, state the claim number, civil action name and case number, the police or investigating agencies' report number, name of the insured, name of the property owner, the nature of the claim, the facts surrounding the claim, the nature of the injuries, whether anyone claimed coverage under the Inchmaree Clause. For each claim identified, explain whether the claim was accepted or denied and the basis for the acceptance or denial of the claim and identify who made the decision to accept or deny the claim, and explain the final resolution of the claim and the amount of money, if any, that was paid out on the claims.

19. If you made the decision to pay any money on any claim referenced in paragraph number 18, wherein there was an allegation that the insured did not cooperate with you then identify each such claim and explain in detail why you accepted such a claim and identify the person who made that decision.

20. Be able to explain why it took Cincinnati Insurance Co. two years and two inspection before they requested an electrical inspection.

21. Be able to explain why Cincinnati Insurance Co. did not perform an electrical inspection on November 1, 2018 or April 16, 2019.

22. Be able to explain if you contend that Joseph Fish failed to cooperate with an electrical inspection as it falls under the definition of "cooperation" under Joseph Fish's boating insurance policy, and if not, be able to explain why not.

23. Be able to explain if you contend that water intrusion from the windows was the sole cause of the water damage in the interior as it falls under the definition of "wear and tear" under Joseph Fish's boating insurance policy, and if not, be able to explain why not.

24. Be able to explain if you contend that the electrical conduit was not the source of any water intrusion as a cause of the water damage in the interior as it falls under the definition of "wear and tear" under Joseph Fish's boating insurance policy, and if not, be able to explain why not.

25. Be able to describe, in detail, the training that adjuster Dan Lambrecht underwent prior to July 23, 2017, in which he was provided guidelines, guidance, Cincinnati Insurance Co. policies, procedures and protocols, which he was to consider / follow in making a determination of what actions or inactions by Cincinnati Insurance Co. insured would or would not qualify as "wear and tear" under Joseph Fish's boating insurance policy, or similar policies.

26. Produce any and all training materials and Cincinnati Insurance Co. policies and procedures that adjuster Dan Lambrecht was provided, and / or was required to consider/follow when determining whether to deny coverage under the insurance policies

in question based upon alleged "wear and tear" by Cincinnati Insurance Co.'s insured Joseph Fish.

27. Be able to describe, in detail, the training that attorney Robert S. Reverski underwent prior to July 23, 2017, in which he was provided guidelines, guidance, Cincinnati Insurance Co. policies, procedures and protocols, which he was to consider / follow in making a determination of what actions or inactions by Cincinnati Insurance Co. insured would or would not qualify as "wear and tear" under Joseph Fish's boating insurance policy.

28. Produce any and all training materials and Cincinnati Insurance Co. policies and procedures that attorney Robert S. Reverski was provided, and / or was required to consider/follow when determining whether to deny coverage under the insurance policies in question based upon alleged "wear and tear" by Cincinnati Insurance Co.'s insured Joseph Fish, or similar policies.

29. Be able to describe, in detail, the training that attorney Robert S. Reverski underwent prior to July 23, 2017, in which he was provided guidelines, guidance, Cincinnati Insurance Co. policies, procedures and protocols, which he was to consider / follow in making a determination of what actions or inactions by Cincinnati Insurance Co. insured would or would not qualify as "cooperation" under Joseph Fish's boating insurance policy.

30. Produce any and all training materials and Cincinnati Insurance Co. policies and procedures that attorney Robert S. Reverski was provided, and / or was required to consider/follow when determining whether to deny coverage under the insurance policies in question based upon alleged "cooperation" by Cincinnati Insurance Co.'s insured Joseph Fish, or similar policies.

31. Be able to describe, in detail, the training that attorney Robert S. Reverski underwent prior to July 23, 2017, in which he was provided guidelines, guidance, Cincinnati Insurance Co. policies, procedures and protocols, which he was to consider / follow in making a determination of what actions or inactions by Cincinnati Insurance Co. insured would or would not qualify as "Inchmaree Clause" under Joseph Fish's boating insurance policy.

32. Produce any and all training materials and Cincinnati Insurance Co. policies and procedures that attorney Robert S. Reverski was provided, and / or was required to consider/follow when determining whether to deny coverage under the insurance policies in question based upon alleged "Inchmaree Clause" by Cincinnati Insurance Co.'s insured Joseph Fish, or similar policies.

33. Be able to explain in detail each and every reason why Cincinnati Insurance Co. is denying insurance coverage under any insurance policy issued to Joseph Fish for the claim involving Vessel and produce any and all documents in support of your denial of coverage.

34. Be able to explain the date that you made the decision to deny coverage for any insurance policies issued to Joseph Fish that might provide coverage for the Vessel, and produce any and all documents, communications and information that you considered in making this decision. Identify the person who made the decision to deny coverage for any insurance policies issued to Joseph Fish that might provide coverage.

35. Be able to explain your decision to deny coverage to Joseph Fish claim that was made under his boating insurance policy was based on a conclusion of wear and tear or a substantial contributing factor cause of the damages to the Vessel. If so, then explain all facts, data, and expert opinions /reports that you considered and utilized in support if this conclusion and state the date that you reached this conclusion.

36. Be able to explain in detail and identify any and all expert reports, expert opinions, expert findings, information, and conclusions that you obtained relative to your investigation into the claim(s0 made by Joseph Fish and produce all such reports and documents identified.

37. Any and all communications and documents, reports, by and between you any expert who inspected/examined the Vessel, and who evaluated the cause of the damages.

38. Be able to explain in detail if you reached any conclusions based upon the actions of Joseph Fish regarding the Vessel, the claim, or the damages to the Vessel.