UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

April 27, 2021

Bryant S. Green, Esq.
Craig D. Roswell, Esq.
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, MD 21202

Todd D. Lochner, Esq.
Eugene Samarin, Esq.
Lochner Law Firm. P.C.
91 Main Street, 4th Floor
Annapolis, MD 21401

Subject: The Cincinnati Ins. Co. v. Fish
Civil No.: RDB-19-3355

Dear Counsel:

This case was referred to me for discovery and related scheduling matters. (ECF No. 35).[1] I have reviewed the parties' letters (ECF Nos. 42 and 43) filed pursuant to my informal discovery dispute procedure (ECF No. 40) regarding two matters: 1) a deposition notice served on plaintiff's former counsel; and 2) the scope of a 30(b)(6) deposition notice served on plaintiff.

With respect to the first issue, The Cincinnati Insurance Company ("Cincinnati" or "plaintiff") maintains that the deposition notice served on its outside coverage counsel, Robert Reverski, Esq., is improper because his testimony is protected by the attorney-client and work product privileges and defendant Fish ("Fish" or "defendant") has made no attempt to satisfy the test for deposing a party's attorney. Defendant responds that the Federal Rules of Civil Procedure do not preclude the deposition of another party's lawyer if the deposition seeks relevant, non-privileged information. Defense counsel notes that he "warned for [sic] Reverski for over a year that by his actions he was going to force me to put him [sic] the witness stand. He was not dissuaded and that time has finally come." (ECF No. 43 at 1).

In order to depose plaintiff's attorney, defendant must demonstrate: 1) the deposition is the only practical means of obtaining the information; 2) the information will not invade the attorney-client privilege or the attorney's work product; and 3) the information is relevant and its need outweighs the disadvantages of deposing a party's attorney. N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85-86 (M.D.N.C. 1987). As noted by plaintiff, defendant has not satisfied this test. Indeed, defendant merely asserts that Mr. Reverski "began issuing revisions to earlier denial letters from his client and new denials on his firm's own letterhead." (ECF No. 43 at

[1] By order dated April 3, 2020, the court consolidated this case with Fish v. The Cincinnati Insurance Company, RDB 20-0018 for all purposes and directed that this case, RDB-19-3355, would be the lead docket number and that all documents filed subsequent to the order should bear the caption and case number of the lead consolidated case. (ECF No. 15). Counsel are directed to comply with this order for all future filings.

2). Contrary to defendant's position, this activity clearly was performed by Mr. Reverski in his capacity as counsel for Cincinnati in the dispute that is the subject of this case. Clearly, Mr. Reverski's testimony is protected by the attorney-client and work product privileges and plaintiff has not put Mr. Reverski's testimony at issue by asserting the advice of counsel defense. As noted by plaintiff, a party cannot force an insurer to waive privilege by merely asserting a bad faith claim. See e.g., Rhone-Poulenc Rorer v. Home Indem. Co., 32 F.3d 851, 864 (3d Cir. 1994). Accordingly, defendant's deposition notice served on Mr. Reverski is quashed.

As to the second issue, the scope of the 30(b)(6) deposition notice served on Cincinnati, Cincinnati asks that the court preclude inquiry into topics regarding: 1) Cincinnati's communications with its former counsel, Mr. Reverski (Topic No. 2); 2) the drafting history of the policy (Topic Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17); 3) prior claims of other Cincinnati policyholders (Topic Nos. 18 and 19); and 4) Cincinnati's claims handling guidelines, policies, procedures, and training materials (Topic Nos. 25, 26, 27, 28, 29, 30, 31, 32). (ECF No. 42 at 2, Exh. 2). Cincinnati asserts that these areas of inquiry are not appropriate because defendant's claims involve the scope of coverage and the adjustment of the loss and that there is no allegation that the policy is ambiguous. (Id.) Defendant responds that information regarding the claims process, especially how Cincinnati investigates its claims and how it applies Maryland and general maritime law to the terms of its policies, is relevant to the issues in this case and, therefore, is discoverable. (ECF No. 43 at 1).

I will address each of the categories of the Rule 30(b)(6) topics objected to by Cincinnati. First, communications between Cincinnati and its former counsel are not within the permissible scope of discovery, as noted above, as they are protected by the attorney-client privilege and the attorney work product privilege. Defendant has not established why any of the communications in question would not be privileged. See Bertelsen v. Allstate Ins. Co., 796 N.W. 2d 685, 701 (S.D. 2011) (coverage opinion of outside counsel privileged). As to the second category, information regarding the drafting history of the policy, such information is not discoverable as one party's understanding of the terms of the policy is not material to the construction of unambiguous policy terms. See Jowite Ltd. P'ship v. Fed. Ins. Co., No. SAG-18-2413, 2019 U.S. Dist. LEXIS 59726, at *17 (D. Md. Apr. 5, 2019) (drafting notes not discoverable where no ambiguity identified in policy). Defendant's claims in this case relate to a disagreement as to the scope of coverage and Cincinnati's adjustment of the loss. None of defendant's claims assert that the insurance policy is ambiguous. Indeed, as defendant acknowledges, "the policy speaks for itself, but The Cincinnati Insurance Co. have [sic] failed to properly apply the terms of that policy to Mr. Fisher's claim." (Id.) As a result, extrinsic information regarding the drafting of the policy forms is not relevant to the construction of an unambiguous insurance policy.

The third topic of inquiry objected to by plaintiff pertains to the claims of other Cincinnati policyholders. Information relating to the claims of other insureds is irrelevant to the claims in this case. Discovery into the claims of other insureds would open the floodgates to discovery that has no bearing on the claims asserted by a particular insured regarding a specific policy. See In re Tex.

E. Transmission Corp., PCB Contamination Ins. Coverage Litig., No. MDL 764, 1989 U.S. Dist. LEXIS 19093, at *16-17 (E.D. Pa. Aug. 3, 1989). Given the numerous variables and unique facts at play for any particular insurance claim, I cannot conclude the claims of other insureds have any relevance to how Cincinnati handled the claims in this particular case. Cf. Nationwide Mut. Ins. Co. v. LaFarge Corp., No. H-90-2390, 1994 U.S. Dist. LEXIS 3851, at *20-22 (D. Md. Jan. 3, 1994) (claims of bad faith made against insurer by other insureds not discoverable). Accordingly, inquiry by defendant into the claims of other insureds will be precluded.

The final topic challenged by Cincinnati seeks information about Cincinnati's claims handling guidelines, policies, procedures, and training materials. Contrary to defendant's blanket assertion, these materials are not discoverable where the issue is the construction of an unambiguous insurance policy and its application to the loss claimed by the insured. See Garvey v. Nat'l Grange Mut. Ins, 167 F.R.D. 391, 396 (E.D. Pa. 1996) (claims manuals not pertinent to claim for loss under insurance contract); State Farm Fire & Cas. Co. v. Valido, 662 So. 2d 1012, 1013 (Fla. Dist. Ct. App. 1995) (claims files, manuals, guidelines and claims handling procedures irrelevant to first party dispute).

For the foregoing reasons, it is hereby ordered that: 1) defendant's deposition notice served on Cincinnati's former counsel Mr. Reverski is quashed; and 2) defendant shall be precluded from inquiring into the following topics at the Rule 30(b)(6) deposition of Cincinnati - Topic Nos. 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 25, 26, 27, 28, 29, 30, 31, and 32.

Despite the informal nature of this letter, it is an order of the court and should be docketed accordingly.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge