IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE CINCINNATI
INSURANCE COMPANY,      *

     Plaintiff/Counter-Defendant,    *

     v.                   *

JOSEPH FISH,          *

     Defendant/Counter-Plaintiff.    *

Civil Action No. RDB-19-3355

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **<u>MEMORANDUM ORDER</u>**

On February 24, 2022, this Court issued a Memorandum Opinion and Order granting Plaintiff/Counter-Defendant Cincinnati Insurance Company's motion for partial summary judgment and denying Defendant/Counter-Plaintiff Joseph Fish's motion for partial summary judgment. (Memorandum Opinion, ECF No. 87; Order, ECF No. 88.) This Court ruled that this case would proceed as to Cincinnati's declaratory judgment claim (Compl., ECF No. 1) and Fish's declaratory judgment and breach of contract claims (Am. Counterclaim, ECF No. 69). On March 3, 2022, this Court held an off-the-record scheduling conference with counsel to discuss setting a trial date in this case. (Letter Order, ECF No. 89.) During this call, counsel for Fish indicated a desire to delay scheduling a trial in order to raise legal argument regarding the possibility of remand of certain claims to the Circuit Court for Baltimore City, Maryland and the potential for Fish to file an interlocutory appeal of this Court's ruling on the summary judgment motions. Presently pending before this Court is Fish's Motion for Reconsideration. (ECF No. 90.) The parties' submissions have been

reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Fish's Motion for Reconsideration is DENIED.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Fourth Circuit has not enunciated the precise standard that should govern a motion for reconsideration of an interlocutory order under Rule 54(b). *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). In *Fayettville*, the Fourth Circuit declined to "thoroughly express [its] views on the interplay of Rules 60, 59 and 54," but suggested that at least parts of the Rule 60(b) standard may be referenced by a district court in determining whether it should reconsider an interlocutory order. *Id* at 1470. Thus, the court's analysis is guided by Rule 60(b) but is not bound by its strictures. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment.").

Under Rule 60(b), this Court has discretion to relieve plaintiff from a final order when any of the following can be shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously

called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on

an earlier judgment that has been reversed or vacated; or applying it prospectively is no

longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Motions

for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins.*

*Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## ANALYSIS

### I.   Motion for Reconsideration as to Count Three of Fish's Amended Counterclaim

Fish argues that this Court committed clear error in granting summary judgment in

favor of Cincinnati as to the claim for first-party lack of good faith asserted in Count Three

of his Amended Counterclaim.[1] He contends that this Court failed to view the evidence in

the light most favorable to him. Fish's underlying arguments are not new; each was set forth

in the summary judgment briefing. As Judge Russell has summarized, with respect to

motions for reconsideration on the basis of clear error,

> "mere disagreement" with a court's ruling is not enough to justify granting a
> motion for reconsideration. *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612,
> 620 (D. Md. 2013) (quoting *Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT
> 08cv501, 2011 U.S. Dist. LEXIS 107584, 2011 WL 4443441, at *1 (D. Md. Sept.
> 21, 2011)). Rather, to justify granting a motion for reconsideration on the basis
> of clear error, "the prior judgment cannot be 'just maybe or probably wrong; it
> must . . . strike the court as wrong with the force of a five-week-old,
> unrefrigerated dead fish.'" *Fontell v. Hassett*, 891 F.Supp.2d 739, 741 (D.Md.
> 2012) (alteration in original) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194
> (4th Cir. 2009)). In other words, the Court's previous judgment must be "dead
> wrong." *Franchot*, 572 F.3d at 194 (quoting *Parts & Elec. Motors, Inc. v. Sterling
> Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). Further, a "'factually supported

---

[1] In its February 24, 2022 Memorandum Opinion, this Court detailed the lengthy factual and procedural
background of this case. (ECF No. 87 at 3-9.) Accordingly, this Court does not repeat that overview here.

and legally justified' decision does not constitute clear error." *Lawley v. Northam*, No. ELH-10-1074, 2013 U.S. Dist. LEXIS 120128, 2013 WL 4525288, at *1 (D.Md. Aug. 23, 2013) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993)).

*Chae Bros., LLC v. Mayor & City Council of Balt.*, Civil Action No. GLR-17-1657, 2019 U.S. Dist. LEXIS 34587, at *8 (D. Md. Mar. 5, 2019). Fish has failed to meet this high standard. In its Memorandum Opinion, this court analyzed the parties' summary judgment arguments and the evidentiary record in accordance with the factors set forth in *Cecilia Schwaber Trust Two v. Hartford Acc. & Indem. Co.*, 636 F.Supp.2d 481, 486-87 (D. Md. 2009). (ECF No. 87 at 15-19.) Fish's disagreement with this Court's conclusion that the record reflects the absence of a genuine dispute of material fact does not justify reconsideration. Accordingly, Fish's Motion for Reconsideration is DENIED as to Count Three of his Amended Counterclaim.

## II.   Motion for Reconsideration as to Counts Four, Six, Seven, and Eight of Fish's Amended Counterclaim

Fish also argues that this Court committed clear error in granting summary judgment in favor of Cincinnati on his unfair claim settlement practices claims asserted in Counts Four, Six, Seven, and Eight of his Amended Counterclaim. Fish again fails to meet the standard noted above to succeed on a motion for reconsideration on the basis of clear error. Fish contends that his unfair claim settlement practices claims should have been remanded to the Circuit Court for Baltimore City because they are appeals of the decision of the Maryland Insurance Administration ("MIA"). As this Court noted, Maryland's Unfair Claim Settlement Practices Act "provides for *only administrative remedies*, to be received through the Maryland Insurance Administration." (ECF No. 88 at 19, citing *Moye v. Avis Budget Grp.*, Civil Action No. TDC-14-2714, 2015 U.S. Dist. LEXIS 11204, at *7-8 (D. Md. Jan. 27, 2015)

(emphasis added).) The record reflects that Fish withdrew his administrative appeal of the

MIA's decision. (Withdrawal of Appeal, ECF No. 82-9; ECF No. 87 at 8.) Fish has provided

no authority for the proposition that an appeal of the decision of the MIA may proceed even

though it has been withdrawn. Accordingly, Fish's Motion for Reconsideration as to Counts

Four, Six, Seven, and Eight of the Amended Counterclaim is DENIED.

## III.   Motion for Reconsideration of Ruling Limiting the Testimony of Michael McCook

Fish's contends that this Court committed a third clear error when it ruled that his

expert Michael McCook would be precluded from testifying about damages. Again, Fish has

failed to meet the reconsideration standard. Fish is correct that the discovery deadline in this

case was May 15, 2021, not May 14, 2021 as this Court stated in its Memorandum Opinion.

That correction, however, is immaterial to Court's detailed analysis of Fish's belated

production of McCook's amended designation and amended report.[2] The fact remains that

Fish did not produce this material, in which McCook refined his "scientific wild ass guess"

to estimate the cost of repairs to the nearest cent, until after his deposition. (ECF No. 87 at

---

[2] To the extent Fish revisits his argument that his initial June 2020 expert designation for McCook placed Cincinnati on notice that he would testify regarding damages, this Court notes that the designation is vague and fails to comply with the requirements of Rule 26(a)(2). Under Federal Rule of Civil Procedure 26(a)(2)(B), expert disclosures must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them." Fish's June 5, 2020 designation for McCook states only that McCook is "expected to testify regarding . . . the pre- and post-casualty value of the vessel." (ECF No. 80-36.) The designation then narrows the scope of McCook's expert testimony by noting three specific opinions he plans to offer, none of which relates to damages. (*Id.*) The designation provides no detail about how McCook would go about calculating the value of the vessel. Accordingly, it does not comply with the Federal Rules. *Kramer v. Pantos*, No. 1:20-cv-02861-JMC, 2021 U.S. Dist. LEXIS 122285, at *9 (D. Md. June 30, 2021); *Barnes v. Costco Wholesale Corp.*, No. JKB-18-3377, 2019 U.S. Dist. LEXIS 134803, at *5 (D. Md. Aug. 9, 2019). Moreover, Fish only supplemented his designation for McCook *after* McCook's deposition. (May 15, 2021 Designation, ECF No. 80-37.)

21.) Concerningly, Fish has never offered an explanation for his belated disclosure of his expert's calculation of damages. *See, e.g.*, *Callahan v. Toys "R" Us-Del., Inc.*, No. 15-2815-JKB, 2016 U.S. Dist. LEXIS 64500, at *8 (D. Md. May 17, 2016) ("Although Rule 26(e)(2) provides a safety net to the extent additional opinions emerge after the original designation, that safety net is not unlimited and, in this case . . . Plaintiffs have not pointed to any new data that emerged after [the designation deadline] that would serve as such a justification."). Accordingly, Fish's Motion for Reconsideration as to the ruling limiting the testimony of Michael McCook is DENIED.

## IV.   Interlocutory Appeal

Finally, Fish has indicated that he wishes to note an interlocutory appeal of this Court's ruling on the motions for partial summary judgment to the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 1292(a)(3). Under 28 U.S.C. § 1292(a)(3), courts of appeals have jurisdiction over appeals from "interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."[3] Fish argues that he has a right to such an appeal because Cincinnati invoked admiralty jurisdiction in its Complaint.

---

[3] The Fourth Circuit has explained the origin of this provision:

> In admiralty, trials were traditionally bifurcated. First, there would be a trial before the court on the issue of liability. If there was a finding of liability, there would then be a separate hearing before a special master to ascertain damages. These damages hearings were often both lengthy and costly. Congress intended 28 U.S.C. § 1292(a)(3) to permit parties to appeal the finding of liability on the merits, before undergoing the long, burdensome, and perhaps unnecessary damages proceeding. Section 1292(a)(3) was not intended to clutter the federal docket with interlocutory odds and ends.

*Evergreen Int'l (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 424 (4th Cir. 1994) (citing *City of Fort Madison v. Emerald Lady*, 990 F.2d 1086, 1089 (8th Cir. 1993)).

(ECF No. 1 ¶ 1.) Fish has correctly noted that he does not need the permission of this Court to note such an appeal. (Fish Reply, ECF No. 92 at 8.) Accordingly, he may file such an appeal in timely response to this Memorandum Order. However, it should be noted that he has incorrectly stated that he "has provided briefing on this topic in response to the Court's request and pursuant to the Court's Letter Order." (*Id.*) When this Court convened the March 3, 2022 status conference, it intended to set a trial date. Counsel for Fish requested that this Court not do so and instead allow briefing on the questions of remand and a potential interlocutory appeal. This Court granted that request.

In any event, this Court will schedule a trial date in this matter as it appears that such an appeal is unlikely to succeed. The Fourth Circuit's "treatment of the applicability of § 1292(a)(3) outside the originally animating procedural posture has been fairly consistent and restrained." *Evergreen Int'l (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 425 (4th Cir. 1994). Indeed, the Fourth Circuit has declined to apply § 1292(a)(3) in a case "which involves a pure question of general contract interpretation" and about which "there is nothing about the matter on appeal, or the case as a whole, that gives it a distinctly maritime air." *Id.*; *but cf. R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel*, 435 F.3d 521, 526 (4th Cir. 2006) (concluding that a case adjudicating competing claims to salvage the remains of the Titanic is, on the other hand, "distinctively maritime"). The matter before this Court is essentially an insurance contract dispute. Therefore, it seems likely that the Fourth Circuit would dismiss

Fish's appeal just as it did in *Evergreen*. Accordingly, this Court will proceed to set a trial date in this matter.[4]

**CONCLUSION**

For the reasons stated above, it is HEREBY ORDERED this 26th day of April 2022, that Fish's Motion for Reconsideration (ECF No. 90) is DENIED. This Court will communicate with the parties in the next week to set a trial schedule.

_____/s/_____

Richard D. Bennett
United States District Judge

---

[4] *See Columbus-America Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301 (4th Cir. 2000) ("This is an interlocutory appeal in an admiralty case under 28 U.S.C. § 1292(a)(3). Such appeals decide only the matters which have been decided by the district court, and as with other interlocutory appeals under § 1292, the trial court has authority to pursue its own proceedings filed when a § 1292(a)(3) appeal is pending.")